UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL GJENVICK,

                Plaintiff,

      -against-                            **AMENDED COMPLAINT**
                                                     **AND JURY DEMAND**
THE CITY OF NEW YORK;
POLICE OFFICER ERIC DUVAL, SHIELD # 08109;
POLICE OFFICER MICHAEL CARRERAS, SHIELD      Index No. 13 Civ. 6376
# 00147; AND POLICE OFFICER ANGEL CORDERO,
SHIELD # 16100,

                Defendants,

------------------------------------------------------------x

        Plaintiff Michael Gjenvick, by and through his attorneys, Emery Celli Brinckerhoff & Abady LLP, for his Amended Complaint alleges as follows:

### INTRODUCTION

        1.       This is a civil rights action seeking damages for Defendants' violations of Plaintiff Michael Gjenvick's rights, privileges, and immunities under the United States Constitution, 42 U.S.C. § 1983, the New York State common law. Mr. Gjenvick is a young man who was doing nothing more than walking down a public sidewalk on October 8, 2011 when he was brutally assaulted by two members of the New York City Police Department. The violent and unprovoked assault left him with severe injuries, including the permanent loss of his two front teeth.

        2.       After wrongfully assaulting Mr. Gjenvick, the Defendants falsely arrested, falsely detained, wrongfully imprisoned and maliciously prosecuted Mr. Gjenvick.

        3.       After multiple court appearances, all charges against Mr. Gjenvick were dismissed by a judge of the Criminal Court of the City of New York.

## THE PARTIES

4. Plaintiff Michael Gjenvick is a citizen of the United States and at all relevant times hereto was a resident of New York.

5. Defendant Police Officer Eric Duval, Shield #08109, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

6. Defendant Police Officer Michael Carreras, Shield #00147, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

7. Defendant Police Officer Angel Cordero, Shield #16100, at all times relevant hereto, was a police officer of the New York Police Department ("NYPD"), acting in the capacity of agent, servant, and employee of the City and within the scope of his employment as such.

8. Defendant Officers Duval, Carreras and Cordero are referred to herein as the "Officer Defendants." The Police Officer Defendants were assigned to the NYPD's 6th Precinct at all times relevant hereto. The Police Officer Defendants were acting under the color of state law, at all times relevant hereto.

9. Defendant City of New York ("the City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of

all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD (and regulations of the NYPD patrol guide), and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

## JURISDICTION AND VENUE

10. This action arises under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, the New York State common law.

11. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) (4), 1367(a), and the doctrine of pendent jurisdiction.

12. The acts complained of occurred in the Southern District of New York, and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

13. Plaintiff demands trial by jury in this action.

## FACTUAL ALLEGATIONS

14. Early in the morning of October 8, 2011, Mr. Gjenvick, a young man who works in New York as a chef, was walking with friends near the intersection of West 4th Street and Jones Street.

15. Mr. Gjenvick was smoking a cigarette as he walked behind his three friends. Mr. Gjenvick was not engaged in any unlawful or suspicious activity.

16. Nonetheless, without any justification or warning, the Officer Defendants grabbed Mr. Gjenvick from behind.

17. The Officer Defendants were wearing black sweatshirts and jeans. They were not in uniform, and had no badges, shields, or any other items visible that would identify them as law enforcement officers.

18.     Even though Mr. Gjenvick was not engaged in any unlawful activity, the Officer Defendants grabbed Mr. Gjenvick on his left arm without warning, causing him to drop his cigarette.

19.     Mr. Gjenvick, believing he was being assaulted by two unknown men, pulled his arm away and told the two men to leave him alone.

20.     Instead, the Officer Defendants grabbed Mr. Gjenvick again and forcefully threw him face-down on the sidewalk.  At no point did the Officer Defendants explain why they had grabbed Mr. Gjenvick.  At no point did the Police Officer Defendants show Mr. Gjenvick a badge, or identify themselves as police officers.

21.     The Officer Defendants threw Mr. Gjenvick to the ground with so much force that his two front teeth were immediately knocked out by the impact.  The Officer Defendants then forcefully pinned Mr. Gjenvick face-down on the ground.

22.     Believing he was being mugged, Mr. Gjenvick screamed out to his friends for help.

23.     Defendant Duval placed his knee in the small of Mr. Gjenvick's back as he lay on the ground and told him, in sum and substance, to "shut the f--k up."  Even at this point, Defendants did not identify themselves as police officers.

24.     Only when Mr. Gjenvick's friends approached to try to help did the Officer Defendants for the first time show one of Mr. Gjenvick's friend a badge.  This was the first time the Officer Defendants in any way identified themselves as members of the New York City Police Department.  Mr. Gjenvick's friend then yelled out to Mr. Gjenvick that his two assailants were police officers.

25. Mr. Gjenvick was bleeding profusely from his mouth, and had several cuts and bruises from being thrown down to the sidewalk. Nonetheless, when he learned that the two men who had attacked him were members of the New York City Police Department, Mr. Gjenvick promptly complied with their requests.

26. Mr. Gjenvick continued to comply with the Officer Defendants' instructions as they handcuffed him and placed him in a police car, even though he had done nothing wrong.

27. At no point did the Police Officer Defendants explain why they had unlawfully arrested and assaulted Mr. Gjenvick.

28. After assaulting Mr. Gjenvick, the Defendant police officers took him to the 6th Precinct.

29. Mr. Gjenvick was kept for several hours at the precinct, even though he was bleeding profusely and clearly in need of medical care.

30. While at the precinct, a police sergeant approached Mr. Gjenvick and explained that the police had "screwed up" and had mistakenly thought he had marijuana.

31. But instead of being released, Mr. Gjenvick was falsely accused of Resisting Arrest, Attempted Tampering with Physical Evidence, and Obstruction of Governmental Administration in the Second Degree in a criminal complaint sworn to by Defendant Officer Duval.

32. Defendant Officer Duval falsely stated in a criminal complaint that Mr. Gjenvick had a marijuana cigarette on his person, and that he threw the marijuana cigarette away.

33. But no marijuana was ever recovered from Mr. Gjenvick. Instead, the Defendants recovered a pack of cigarettes from him.

34. Mr. Gjenvick was forced to retain counsel to defend himself from the false criminal charges brought against him.

35. On or about April 3, 2013, a judge of the Criminal Court of the City of New York dismissed all charges against Mr. Gjenvick.

36. As a result of his unlawful assault, Mr. Gjenvick suffered a violation of his civil rights, embarrassment, loss of liberty, emotional distress, pain and physical injury, including repeated need for medical visits for bruising to his head, face, shoulders, and back, as well as repeated medical visits for reconstructive surgery for his front teeth.

37. At least thirty days have elapsed since service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – False Arrest
(Against Officer Defendants)

38. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

39. Defendants wrongfully and illegally arrested and detained Plaintiff, charging him with Resisting Arrest, Attempted Tampering with Physical Evidence, and Obstruction of Government Administration in the Second Degree.

40. The wrongful, unjustifiable, and unlawful apprehension, arrest and detention of Plaintiff was carried out without any basis, without Plaintiff's consent, and without probable cause or reasonable suspicion.

41. At all relevant times, Defendants acted forcibly in apprehending and arresting Plaintiff.

42. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, and falsely charged.

43. At all times, the unlawful, wrongful, and false arrest of Plaintiff was without basis and without probable or reasonable cause.

44. All this occurred without any fault or provocation on the part of Plaintiff.

45. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their employment as NYPD officers. Said acts by the Police Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and all Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
42 U.S.C. § 1983 – Excessive Force
(Against Officer Defendants)

47. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

48. By using excessive force and assaulting Plaintiff, and by failing to intervene and preventing other Officers from using excessive force, the Officer Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

49. The Officer Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by the Officer Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 – Malicious Prosecution
(Against the Officer Defendants)

51. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

52. The acts and conduct of the Defendants constitute malicious prosecution under the Fourth Amendment to the United States Constitution. Defendants commenced and continued a criminal proceeding against Plaintiff. There was actual malice and an absence of probable cause for the proceeding. In addition, the proceeding terminated favorably to Plaintiff.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Malicious Prosecution
(Against All Defendants)

54. Plaintiff repeats and realleges the above paragraphs as if the same were fully set forth at length herein.

55.     The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York.  Defendants commenced and continued a criminal proceeding against plaintiff.   There was actual malice and an absence of probable cause for the proceeding.  In addition, the proceeding terminated favorably to Plaintiff.

56.     Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York Police Department, which are therefore responsible for their conduct.

57.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

**FIFTH CAUSE OF ACTION**
Negligent Hiring, Training, Discipline, and Retention of
Employment Services
(Against the City)

58.     Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59.     The City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.  Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

60.     Upon information and belief, the Police Officer Defendants were unfit and incompetent for their positions as police officers.

61.     Upon information and belief, the City knew or should have known through the exercise of reasonable diligence that the Police Officer Defendants were dangerous.

62. Upon information and belief, the City's negligence in hiring, training, disciplining, and retaining the Police Officer Defendants proximately caused Plaintiff's lasting physical, mental, emotional and professional injuries and scars.

63. Upon information and belief, because of the City's negligent hiring, training, discipline, and retention of the aforementioned Police Officer Defendants, Plaintiff incurred significant and lasting physical, mental, and emotional injuries.

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

    a. Compensatory damages in an amount to be determined at trial;

    b. Punitive damages against the Police Officer Defendants in an amount to be determined at trial;

    c. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

    d. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 13, 2013

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____
    Earl S. Ward
    Debra L. Greenberger

75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

*Attorneys for Plaintiff*